**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02307-NYW

MANUEL TORRES MALDONADO,

     Petitioner,

v.

ICE DENVER FIELD OFFICE, and
JUAN BALTAZAR,

     Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Petitioner Manuel Torres Maldonado ("Petitioner") is a noncitizen who is currently detained at an ICE detention facility in this District. *See generally* [*id.*]. He asks the Court to, among other things, order Respondents to release him or grant him a bond hearing. [*Id.* at 4]. He has also filed Motion for Expedited Review and Emergency Consideration ("Motion for Expedited Review"), seeking similar relief and asking the Court to "[o]rder Respondents to respond on an expedited basis." [Doc. 2].

On May 28, 2026, the Honorable Richard T. Gurley ordered Respondents to show cause within 30 days as to why the Petition should not be granted ("Order to Show Cause"). [Doc. 4]. The Clerk of Court then entered a Certificate of Service indicating that Respondents have been mailed the Petition and the Order to Show Cause. [Doc. 6]. Upon review of the Petition and the Motion for Expedited Review, the Court concludes

that a shorter response deadline is appropriate. Accordingly, the 30-day response deadline in the Order to Show Cause is **VACATED**. The Clerk of Court is **DIRECTED** to serve Respondents with a copy of the Motion for Expedited Review and a copy of this Order and to enter a Certificate of Service. Counsel for Respondents shall promptly enter their notices of appearance. Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition and Motion for Expedited Review should not be granted. *See, e.g., Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **21 days** after the Response is filed.

Upon further review, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the

performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Accordingly, it is **ORDERED** that:

(1)    The Motion for Expedited Review and Emergency Consideration [Doc. 2] is **GRANTED in part** to the extent it seeks an earlier response deadline and otherwise **TAKEN UNDER ADVISEMENT**,

(2)    The 30-day deadline set in the prior Order to Show Cause [Doc. 4] is **VACATED**;

(3)    The Clerk of Court is **DIRECTED** to serve Respondents with a copy of the Motion for Expedited Review and a copy of this Order and to enter a Certificate of Service;

(4)    Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition and Motion for Expedited Review should not be granted;

(5)    Any reply shall be filed no later than **21 days** after the Response is filed;

3

(6)    Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order; and

(7)    The Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner at his address of record.

DATED:  May 29, 2026                      BY THE COURT:

_____
Nina Y. Wang
United States District Judge